Jozefa **RADLINSKA**, Appellant,

v.

Hon. **SECRETARY OF HEALTH, EDU-CATION AND WELFARE.**

No. 24131.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 1, 1971.

Decided Dec. 8, 1971.

Mr. Walter R. Choroszej, for appellant.

Mr. Charles F. Flynn, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and McGOWAN and WILKEY, Circuit Judges.

WILKEY, Circuit Judge:

Confusion and frustration are frequently the fate of the English-speaking American citizen dealing with his own government near at hand. This case is the tale of an 85-year-old Polish mother, residing in Lublin, Poland, and her encounter with the Social Security Administration in Washington. As can be imagined, confusion and frustration were compounded by distance, time, language barriers, and zlotys cum dollars.

We reverse the District Court's affirmation of the final decision of the Secretary of Health, Education and Welfare, and remand to the Secretary for further administrative proceedings in light of this opinion.

I.

As stated in the brief for the appellee Secretary,

Appellant's son, Thaddeus Radlinski, was a wage earner in the United States, insured under the Social Security Act, from 1951 until his death on June 9, 1962, during which time he operated a small grocery store in Perth Amboy, New Jersey. Appellant is a citizen and resident of Poland. On five different occasions after the filing of her initial claim, appellant's contentions were rejected by the Social Security Administration on the basis that she was not entitled to parent's benefits under 42 U.S.C. § 402(h) because she had not received more than one half of her support from her son, the deceased insured, during the twelve-months' period preceding his death.

Appellant, the deceased insured's mother, lives with her daughter and grandson in the daughter's home in Lublin, Poland. During his lifetime the son sent parcels of clothing and a little money to his mother in Poland. While the son himself was obviously existing at the lower end of our economic scale (his last income tax return filed showed a taxable income a little over $1,000), in Poland things were even worse; the only wage earner in the household, the daughter, had total earnings for the year of 25,783 zlotys, or $358.[1] Out of this she had to support herself and her teen-age son, and allegedly contributed about $50 to her mother's support. The appellant mother asserted by letter to the Social Security Administration that the value of the clothing parcels sent by the son during the last year of his life was over $200 (whether this included $50 in cash hidden in the heel of a shoe is not clear). This claim was supported by the affidavit of a priest in Lublin as to the receipt of the parcels, that the clothing was worth over $200, and that in Poland even used American clothing was valued highly because of its superior wearing quality and the general unavailability of clothing and other consumer goods there. Later in the proceedings an affidavit from a Virginia attorney (not counsel for appellant) testified as to his personal experience in sending packages to Poland and the great value of used clothing and U.S. merchandise there.

Appellant's difficulties with the HEW agency stem from her unfortunate answer to question 14 of her application in 1966: "Were you receiving at least one-half of your support from the deceased at the time he became disabled under the Social Security law or at the time he died?" The Polish mother checked the box marked "No," and she (or someone for her) wrote in "Only some parcels."

This caused the initial rejection of appellant's claim, and despite the presentation of additional and different evidence, the HEW agency, with anticipatable bureaucratic firmness, on four subsequent occasions, including one after remand from the District Court, rejected appellant's claim. We will not recite completely the tortuous tale of these intercontinental interchanges, but it is necessary to point out salient features in order to see why and how appellant's case reached its present posture.

The HEW agency based its second rejection on the asserted facts that the appellant received annual support from the assured amounting to 200 zlotys and from her daughter 290 zlotys.[2] At the rate of exchange of 72 zlotys to the dollar, this conclusion of the HEW agency was thus founded on the asserted fact that the mother was living on a grand total income of about $6.80 U.S. per year, a difficult feat even in Poland. The Secretary's brief recognized the previous error, "These figures should have been in dollars rather than in zlotys, as later conceded by the Appeals Council," then shifted to equally shaky ground, "but the important factor of course is the mathematical proportion which support from appellant's son bore to her total support."[3]

This referred to the third round rationale of the Bureau of Hearings and Appeals that the daughter, whose total annual earnings were $358, contributed $290 to her mother's support and supported herself and son out of the remainder. Apparently this third rejection, this time by the Bureau of Hearings and Appeals, was also defective on the same ground as the second, for the Secretary's brief concedes, "The decision confused dollars with zlotys." It then goes on to say, "[B]ut the examiner found as a fact that . . . [the

---

1. This is at 72 zlotys to one dollar. This rate of exchange was used by appellant in one set of calculations and not disputed by the HEW agency. To avoid the same error which plagued the agency, we think it desirable to use 72–1 as the

exchange rate in all calculations throughout this opinion.

2. Secretary's brief, p. 4.

3. *Id.*, at n. 5.

appellant had failed] to establish she was receiving at least 50% of her support from her son at the time of his death."[4] While the Secretary's brief argues (as did the third round decision) that by now the statements of the claimant were hopelessly contradictory, yet the mathematical proportion of support relied on to disprove the claim showed the daughter contributing $290 out of her income of $358 to the appellant's support, a rather incredible "fact" on which to base a decision, no matter what the source of the "fact."

In round four the Appeals Council, without opinion, declared itself in agreement with the hearing examiner, who, as noted by the Secretary's brief, had confused dollars with zlotys and, as we have noted, essentially based his decision on the "fact" that the appellant mother was receiving 81% of the daughter's income.

When the District Court received the appeal, it promptly appointed U.S. counsel for the appellant—*for the first time*—and remanded to the Secretary for round five. The Appeals Council then reached the same decision as in rounds one, two, three, and four, this time partly on the new theory that the son could not have made such a large contribution as used clothing worth $200 (in Poland) out of his meager income, and that previous statements submitted by appellant contradicted new evidence brought forth for the first time by her appointed counsel.

## II.

The Secretary's brief confidently asserts, "The decision of the Appeals Council of the Social Security Administration was the decision of the Secretary of Health, Education and Welfare. Being based upon substantial evidence, it must be affirmed." We agree that this is the proper test, *i. e., if* the Secretary's decision were based on substantial evidence, it should be affirmed.

On the simple but confused facts of this case we think that in order for there to be "substantial evidence," there must be findings on these points:

1. The value of the parcels appellant received from her son.
2. The amount necessary for appellant's support in Lublin, Poland.
3. The contribution or maximum possible contribution, of appellant's daughter.
4. The capacity of the son, the deceased insured, to contribute in the form he did to the support of his mother.

On these points we find, not that the Secretary's decision is supported by substantial evidence, but that the Secretary's decision has no evidence at all to support it.

1. There is nothing in the record, other than the evidence submitted by appellant, to show the value of the parcels of used clothing on which she bases her claim of support from her son. There is no evidence in the record that the HEW agency has made any effort to ascertain the value of the parcels. It has simply failed to accept the evidence—letters and affidavits of appellant herself, affidavits of the priest, the Polish attorney, and the Virginia attorney—offered by the appellant with no evidence in contradiction.

2. The HEW agency has no evidence as to the amount necessary for the support of this 85-year-old Polish mother, the appellant herein. The only evidence bearing on this is the affidavit of appellant's daughter Julia, who affirms that her income is $358 a year, out of which she supports herself, her teen-age son, and contributes a little to the support of her mother. We cannot say with exactitude what the living standard is in Lublin, Poland, but the Secretary has made no attempt to do so, or in any way to disprove the evidence offered by appellant on this point.

3. As to the contribution, or maximum available contribution, from the appellant's daughter, the Secretary has

4. *Id.,* at 4–5.

no evidence in the record other than that submitted by the daughter referred to above.

4. As to the capability of the son, the deceased insured, to contribute to the support of his mother, there is no evidence in the record as to how this used clothing was acquired by the son in Perth Amboy, New Jersey—whether he paid cash for it, how much he paid, whether it was given to him, or whether he swapped groceries off the shelf of his small grocery store for the used clothing —all is completely conjectural. The Secretary argues that we must presume that the son's income tax return reflected accurately his total income of little more than $1,000 taxable income per year, and out of that it was impossible that he could have contributed $200 to his mother in Poland. A 56-year-old Polish bachelor operating a corner grocery store in Perth Amboy, New Jersey, may have quite a high percentage of disposable income after satisfying his comparatively simple needs (probably partly from the grocery shelves). Dealing as we do with proved violations of law brought before us day after day, other than the presumption of innocence accorded to a defendant in the trial court initially, we fail to see why we must assume that any given person has conformed to the law (in this case, the exceedingly abstruse income tax law) scrupulously without exception. Furthermore, as the Secretary's brief footnotes, "The Secretary agrees that the value of the support is determined by its value to the recipient," [5] and it is entirely possible that what is actually worth $200 U. S. in Lublin, Poland, may be acquired in Perth Amboy, New Jersey, at a much lesser cost.

It seems apparent from the record in this case that originally the appellant was confused and answered a vital inquiry erroneously, or at least incompletely; thereafter all the efforts of herself, her daughter, her attorneys and her priest were unavailing to convince the HEW agency to change its original decision.

Yet this fifth and final round was the *first time appellant had had the benefit of counsel* before the HEW agency. The evidence offered by affidavit [6] then, after counsel had had an opportunity to advise his client as to what proof was relevant and necessary, would seem to establish appellant's claim. Rejection was made only by considering appellant's original application, made from Poland without advice of counsel here and in confusion over what was being called for (as later asserted in affidavits by three persons), as completely destructive of appellant's later otherwise unimpeached evidence. Given the record of errors of the Secretary's subordinates in rounds two, three, and four, and the degree to which this may have contributed to the confusion of appellant and those trying to assist her in Poland, we think the Appeals Council should have judged the case on the record submitted by appellant's counsel after his appointment.

We do not imply that the appellant does not have the burden of establishing that more than one-half of her support was supplied by her son during the last year of his life, but we do think that the evidence actually offered by appellant in support of her claim might be more fairly evaluated by the HEW agency, particularly when several gross mistakes on its part contributed to the appellant's confusion and when the HEW agency has not by its own investigation uncovered a shred of proof in actual contradiction to that offered by appellant.

For reconsideration in light of these observations, to the Secretary of Health, Education and Welfare for further administrative consideration the cause is

Remanded.

5. *Id.*, at 9, n. 10.

6. These included affidavits by appellant (Transcript, p. 105), by Julia (Transcript, p. 100), the Polish attorney (Transcript, p. 95), a certificate from Julia's employer (Transcript p. 112), and an affidavit from a Virginia attorney with some experience concerning the standard of living in Poland (Transcript, p. 115).